IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| **WALTER MCGHEE II** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 12-2789-JDT/tmp |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Defendant. | ) | |

---

**REPORT AND RECOMMENDATION**

---

On September 11, 2012, plaintiff Walter McGhee II filed a *pro se* complaint against the United States alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. On September 13, 2012, the District Judge entered an order granting leave to proceed *in forma pauperis*. On March 27, 2013, the District Judge entered an order of reference assigning to the undersigned Magistrate Judge the management of this case pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639 (2006).

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), the court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When the court screens a complaint where a plaintiff is proceeding

without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

Federal Rule of Civil Procedure 8 requires that a complaint contain the following:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). A complaint that fails to meet the requirements of Federal Rule of Civil Procedure 8(a) is subject to dismissal or, pursuant to Federal Rule of Civil Procedure 15(a)(2),

may be amended with the court's leave.  See Fed. R. Civ. P. 15(a)(2).

As best as the court can tell, McGhee claims that in April of 2012, he refused to take a drug/alcohol test and, as a result, was denied benefits by the Social Security Administration in September of 2012. He alleges that "the United States, by and through its agent, an administrative law judge, err[ed] in its decision to deny a claim based on the proof that I refused to waive my equal individual right to privacy in order to apply, qualify and/or receive federal entitlements[.]" It has long been held that an allegation of due process (or other constitutional) violation stemming from the mishandling of a social security application does not state a civil rights claim addressable under § 1983. See Schweiker v. Chillicky, 487 U.S. 412 (1988); Giese v. Sec'y of HHS, 522 F.3d 697, 707–08 (6th Cir. 2008). Therefore, McGhee's complaint fails to state a claim for relief under § 1983. The court recommends that McGhee's § 1983 be dismissed.

To the extent McGhee is bringing a claim under 42 U.S.C. § 405(g) for judicial review of an adverse decision by the Commissioner of Social Security, the Commissioner of Social Security (not the United States) is the proper defendant in such an action. Williams v. N.Y. State Dep't of Social Serv., No. 1:07-CV-815, 2007 WL 2780382, at *1 (W.D. Mich. Sept. 18, 2007) (citing 42 U.S.C. § 405(g); Van Buren v. Social Sec. Admin., No. S-06-2029 FCD GGH PS, 2006 WL 3348608, at *2 (E.D. Cal. Nov.17, 2006); Keesing v.

<u>Apfel</u>, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000)). The court recommends that the complaint be AMENDED to reflect that the defendant is the Commissioner of Social Security, and that the Clerk issue process for Defendant and deliver that process to the Marshal for service.

Respectfully submitted,

<u>s/ Tu M. Pham</u>
TU M. PHAM
United States Magistrate Judge

<u>April 19, 2013</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**